UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHANEL, INC.,

                              Plaintiff,

-against-

LUXE LIVING DESIGN LLC doing business as LUXE EVENT RENTALS & DECOR,

                              Defendant.

Civil Action No.

**COMPLAINT**

---

Plaintiff, Chanel, Inc. ("Chanel"), by its attorneys Olshan Frome Wolosky LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

### NATURE OF THE ACTION

1.     This is an action for trademark infringement, false designation of origin and false advertising, trademark dilution and unfair competition, deceptive acts and practices and breach of contract in violation of the laws of the United States and the State of New York. Chanel seeks an injunction, damages and related relief.

### JURISDICTION AND VENUE

2.     The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the statutory and common law of the State of New York. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367 in that those claims are related to claims under this Court's original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) in

that Defendant does and/or transacts business, or may otherwise be found, in this judicial district, and the acts complained of have occurred and are occurring in this judicial district.

## THE PARTIES

3. Chanel is a New York corporation with its principal place of business at 9 W 57th St., New York, NY 10019.

4. Defendant, Luxe Living Design LLC doing business as Luxe Event Rentals & Décor, is a New York limited liability company ("Luxe") with principal places of business located at 3610 Quentin Road, Brooklyn, NY 11234 and 5811 Foster Avenue, Brooklyn, New York 11234. Luxe advertised, distributed, offered for rent, rented and sold the infringing products at issue in this case and otherwise regularly conducts business in New York and within this judicial district.

## CHANEL'S FAMOUS TRADEMARKS

5. For over eight decades, Chanel has advertised, offered for sale, and sold fragrance and beauty products, high quality leather goods, apparel, costume jewelry, accessories, and a wide variety of other products including home goods throughout the United States. Chanel's fragrance and beauty products, leather goods, apparel, costume jewelry, accessories, and other products have been widely advertised, offered for sale and sold throughout the United States under various distinctive trademarks, including, but not limited to, the CC Monogram. The CC Monogram trademark has at all relevant times been owned by Chanel or its predecessor.

6. The CC Monogram trademarks are represented on hundreds of millions of dollars' worth of consumer goods sold each year. Products bearing or sold under the CC Monogram trademarks are available at Chanel boutiques, select department store and specialty retail locations throughout the United States, and in this judicial district; fragrance and beauty products bearing or sold under the CC Monogram trademarks are also available on Chanel's own

website, and by authorized retailers on the Internet. In addition to appearing on products, the CC Monogram trademarks are also used on packaging and collateral materials including, but not limited to, hangtags, hangers, boxes, bottles, compacts, and labels.

7. The public's recognition of the CC Monogram trademarks is enhanced by Chanel's extensive advertising, and by editorial and press coverage of Chanel's product line. Advertisements featuring the CC Monogram trademarks appear in nationally distributed publications that reach hundreds of millions of people. Press coverage of Chanel's products bearing the CC Monogram trademarks also reaches hundreds of millions of consumers.

8. As a result of its exclusive and extensive use, advertisement, and promotion, the CC Monogram trademark has acquired enormous value and recognition in the United States. The CC Monogram trademark is well known to the consuming public and trade as identifying and distinguishing Chanel exclusively and uniquely as the source of origin of the high quality products to which the mark is applied. The CC Monogram trademark is both inherently distinctive and famous.

9. The CC Monogram trademark is registered in the United States Patent and Trademark Office in connection with fragrance and beauty products, leather goods, apparel, costume jewelry, accessories, and other products, including, but not limited to, the following registrations (hereinafter the "CC Monogram Trademarks"):

| MARK | REGISTRATION NO. | DATE OF ISSUANCE |
|---|---|---|
| (CC logo in circle) | 195,359<br>399,751<br>799,642<br>1,241,264<br>1,271,876<br>1,347,094<br>1,654,350<br>4,505,440<br>4,237,494<br>4,973,295 | 2/24/1925<br>1/26/1943<br>11/30/1965<br>6/7/1983<br>3/27/1984<br>7/9/1985<br>8/20/1991<br>4/1/2014<br>11/6/2012<br>6/7/2016 |
| (CC logo) | 1,293,398<br>1,314,511<br>1,654,252<br>1,734,822<br>4,074,269<br>5,280,486 | 9/4/1984<br>1/15/1985<br>8/20/1991<br>11/24/1992<br>12/20/2011<br>9/5/2017 |
| (CC logo) | 1,501,898 | 8/30/1988 |

10. The foregoing registrations are valid and subsisting and are in full force and effect and some have achieved incontestable status pursuant to 15 U.S.C. §1065.

**DEFENDANT'S BREACH OF THE SETTLEMENT AGREEMENT**

11. On or before December 19, 2016, Chanel discovered that Defendant were advertising, distributing, offering for rent, and/or renting resin and wood dining chairs and wood bar stools which infringed upon the CC Monogram Trademarks. Images and descriptions of the infringing items as displayed on Defendant's website, www.luxeeventrentals.com, are depicted below:

| Image | Description | Item | Finish |
|---|---|---|---|
| (chair image) | CHANTEL DINING CHAIR BLACK | CH86 | Black Finish |
| (chair image) | CHANTEL DINING CHAIR CLEAR | CH86 | Clear Finish |

4

| Image | Description | Item | Finish |
|---|---|---|---|
|  | CHANTEL DINING CHAIR GOLD | CH86 | Gold Finish Solid Wood |
|  | CHANTEL DINING CHAIR NATURAL | CH86 | Natural Finish Solid Wood |
|  | CHANTEL DINING CHAIR SILVER | CH86 | Silver Finish Solid Wood |
|  | CHANTEL DINING CHAIR WHITE | CH86 | White Finish |
|  | CHANTEL BARSTOOL | ST20 | Natural Wood and Silver |

12.     On or about December 19, 2016, Chanel sent a cease and desist letter to Luxe regarding its purchase, distribution, advertisement, offer for rent and rental of resin and wood dining chairs and wood bar stools bearing infringements of the CC Monogram Trademarks.

13.     On July 10, 2017, Defendant, along with its sister company, entered into a settlement agreement (the "Settlement Agreement") with Chanel to settle all claims with regard to the dining chairs and bar stools which infringed upon the CC Monogram Trademarks (the "Chairs").

14.     Pursuant to Paragraph 2 of the Settlement Agreement between the Parties, Defendant agreed to:

> …immediately cease and forever refrain from (a) the design, manufacture, advertisement, distribution, offer for rent and rental of the Chairs or any other products bearing the Chanel Trademarks, or any unauthorized reproductions, counterfeits, copies and/or colorable imitations thereof or marks confusingly similar thereto; and (b) the use of the Chanel Trademarks, or marks confusingly similar thereto in connection with the advertising,

5

promotion, or marketing of any products, whether in printed materials, oral representations, or online content such as websites, keyword search advertising, and meta-tags.

The Chanel Trademarks as defined in the Settlement Agreement included Federal Trademark Registration Nos. 1,271,876, 1,241,264, 1,501,898 and 4,241,822 for the CC Monogram trademarks.

15. In the event that Defendant failed to abide by the terms of paragraph 2 of the Settlement Agreement, Chanel expressly retained its right to seek redress for any breach of the Settlement Agreement pursuant to Paragraph 6.

16. Subsequent to the execution of the Settlement Agreement, commencing on January 16, 2018, Chanel discovered that Defendant, without the consent of Chanel, continued to advertise, distribute, offer for rent and rent the resin Chairs (the "Breaching Chairs"). Examples of the images and descriptions of the Breaching Chairs contained on Defendant's rental estimates/ invoices are depicted below:

| Qty | Item # | Description | Dimensions | Unit Price | Line Total |
|---|---|---|---|---|---|
| 40 | #CH86 | CHANTEL DINING CHAIR - Clear resin | 15.74"W x 15.74"D x 38.58"H | 11.00 | $440.00 |
| 40 | #CH86 | CHANTEL DINING CHAIR - White resin | 15.74"W x 15.74"D x 38.58"H | 10.00 | $400.00 |

17. Defendant's advertisement, distribution, offer for rent and rental of the Breaching Chairs after the execution of the Settlement Agreement constitutes a violation of Paragraph 2 of the Settlement Agreement, which Paragraph 2 expressly prohibited the advertisement, distribution, offer for rent and rental of the Chairs or any other products bearing the Chanel Trademarks, or any unauthorized reproductions, counterfeits, copies and/or colorable imitations thereof or marks confusingly similar thereto.

18. As a result of the allegations contained in Paragraph 16 above, Defendant has breached the Settlement Agreement, and Chanel may commence an action against Defendant for such breach as well as the consequential infringing act.

## **DEFENDANT'S WRONGFUL ACTIVITIES**

19. Defendant, without the consent of Chanel, has advertised, distributed, offered for rent, rented and/or sold in interstate commerce, the Breaching Chairs bearing infringements of the CC Monogram Trademarks.

20. Long after Plaintiff's adoption, use and authorization of use of the CC Monogram Trademarks on fragrance and beauty products, leather goods, apparel, costume jewelry, accessories, and a wide variety of other products including home goods, and long after Plaintiff's federal registration of its trademarks, Defendant commenced the advertisement, distribution, offer for rent, rental and sale of the Breaching Chairs bearing infringements of the CC Monogram Trademarks, as this trademark appears on products authorized by Plaintiff and as detailed in this Complaint.

21. The acts of Defendant in advertising, distributing, offering for rent, renting and sales in interstate commerce of the Breaching Chairs bearing infringements of the CC Monogram Trademarks: (a) are likely to cause confusion and mistake among the consuming public that there

is some affiliation, connection or association of Defendant with Chanel, (b) are likely to cause confusion and mistake among the consuming public that said products are being offered to the consuming public with the sponsorship or approval of Chanel, and/or (c) have caused and are likely to cause dilution of the distinctive quality of the CC Monogram Trademarks.

22. Defendant advertised, distributed, offered for rent, rented and sold the Breaching Chairs knowing the chairs bore infringements of the CC Monogram Trademarks based upon the Settlement Agreement. Defendant engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said products and, to gain to Defendant, the benefit of the enormous goodwill associated with the CC Monogram Trademarks. The aforementioned acts of Defendant are also likely to dilute, and have diluted, the distinctive quality of the CC Monogram Trademarks.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT**

23. Chanel repeats each and every allegation set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. Defendant's use of the CC Monogram Trademarks, without Chanel's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the goods bearing infringements of the CC Monogram Trademarks.

25. Such conduct on the part of Defendant has injured Chanel in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Chanel for which Chanel has no adequate remedy at law.

4636095-1

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION

26. Chanel repeats each and every allegation set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. Defendant's use of the CC Monogram Trademarks, without Chanel's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact and/or false advertising in commercial advertising or promotion, in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the goods manufactured, advertised, distributed, offered for rent, rented and/or sold by Defendant bearing infringements of the CC Monogram Trademarks.

28. Such conduct on the part of Defendant has injured Chanel in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## FEDERAL TRADEMARK DILUTION

29. Chanel repeats each and every allegation set forth in paragraphs 1 through 28 above as if fully set forth herein.

30. The CC Monogram Trademarks are famous and inherently distinctive. Chanel and its affiliates, in connection with the promotion and sale of their products, have used the CC Monogram Trademarks for decades on both a national and international basis. As a result of Chanel's extensive and substantial promotion of the CC Monogram Trademarks, the consuming public and trade have come to associate the CC Monogram Trademarks uniquely and distinctly with Chanel and its high quality merchandise.

9

31. Long after the CC Monogram Trademarks became famous, Defendant, without authority from Chanel, used unauthorized reproductions, copies and colorable imitations of the CC Monogram Trademarks and thereby caused, and is causing, the actual dilution of the distinctive qualities of these registered trademarks.

32. As a result, Defendant has engaged in trademark dilution in violation of 15 U.S.C. § 1125(c).

33. Such conduct on the part of Defendant has injured Chanel in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

34. Chanel repeats each and every allegation set forth in paragraphs 1 through 33 above as if fully set forth herein.

35. The aforementioned acts of Defendant constitutes trademark infringement in violation of the common law of the State of New York.

36. Such conduct on the part of Defendant has injured Chanel in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

37. Defendant's misconduct has injured Chanel in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

38. Chanel repeats each and every allegation set forth in paragraphs 1 through 37 above as if fully set forth herein.

39. Defendant has willfully and intentionally used the CC Monogram Trademarks without authorization or consent from Chanel in commerce in connection with the advertisement, distribution, offer for rent, rent and/or sale of the Breaching Chairs in a manner that is likely to cause confusion, mistake, or deception as to the true source or sponsorship of Defendant's goods.

40. Defendant's conduct has enabled Defendant to earn profits to which Defendant is not in law, equity or good conscience entitled, and has unjustly enriched Defendant, all to Defendant's profit and to Chanel's damage and detriment.

41. Defendant's wrongful activity consisting of unauthorized use of the CC Monogram Trademarks is calculated to deceive consumers and is likely to cause confusion, mistake and deception as to the association and affiliation of Defendant's products with Chanel and Chanel's products.

42. The aforementioned acts of Defendant constitutes unfair competition in violation of the common law of the State of New York.

43. Defendant's misconduct has injured Chanel in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

44. Chanel repeats each and every allegation set forth in Paragraphs 1 through 43 above as if fully set forth herein.

11

45. Defendant continued the advertisement, distribution, offer for rent, rental and sale of the Breaching Chairs bearing the CC Monogram Trademarks after the execution of the Settlement Agreement, which constitutes a breach of the Settlement Agreement.

46. Such conduct on the part of Defendant has injured Chanel in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

**SEVENTH CLAIM FOR RELIEF**
**(NEW YORK UNFAIR COMPETITON LAW**
**N.Y. GENERAL BUSINESS LAW § 360-l)**

47. Chanel repeats each and every allegation set forth in paragraphs 1 through 46 above as if fully set forth herein.

48. Defendant's conduct constitutes unfair or deceptive practices in violation of New York General Business Law § 360-l.

49. Defendant's bad faith use of the CC Monogram Trademarks, causes a likelihood of injury and/or actual injury to Chanel's reputation, and dilutes the distinctive quality of the CC Monogram Trademarks in that Defendant's conduct causes a likelihood of or actual confusion or misunderstanding as to the source, approval, connection, association, or sponsorship of the Breaching Chairs.

50. Upon information and belief, Defendant's conduct was and is willful and intentional.

51. Defendant's misconduct has caused and will continue to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Chanel demands judgment as follows:

1. Ordering Defendant to preserve and produce all documents and things regarding, referring or reflecting the design, manufacture, importation, exportation, distribution, promotion, advertisement, offer for rent, rental and/or sale of any products bearing the CC Monogram Trademarks, including, but not limited to, any written, typed, photocopied, photographed, recorded, computer generated or stored, or other communication or representation, either stored manually or digitally in any computer memory, hard drive, server or other form retrievable by a computer which are currently in Defendant's custody, possession or control or in the custody, possession or control.

2. Preliminarily and Permanently enjoining and restraining Defendant, its respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(a) imitating, copying or making unauthorized use of the CC Monogram Trademarks or any marks confusingly similar thereto;

(b) manufacturing, importing, exporting, distributing, circulating, offering for rent, renting, offering for sale, selling, advertising, promoting or displaying any products bearing any unauthorized reproduction, copy or colorable imitation of the CC Monogram Trademarks or any marks confusingly similar thereto;

(c) using any unauthorized colorable imitation of the CC Monogram Trademarks, or any marks confusingly similar thereto, in connection with the manufacture, promotion, advertisement, display, offering for rental, rental, offering for sale, sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect,

or tend to relate or connect, such product in any way with Chanel or to any goods sold, sponsored, approved by, or connected with Chanel;

(d) using any unauthorized colorable imitation of the CC Monogram Trademarks, or any marks confusingly similar thereto, in connection with the manufacture, promotion, advertisement, display, offer for rental, rental, offer for sale, sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute Chanel's image, trade names or reputation or the distinctive quality of the CC Monogram Trademarks;

(e) engaging in any other activity constituting unfair competition with Chanel or constituting an infringement of the CC Monogram Trademarks or of Chanel's rights in, or its right to use or exploit such trademarks, or constituting dilution of the CC Monogram Trademarks, and the reputation and the goodwill associated therewith;

(f) making any statement or representation whatsoever, with respect to the infringing goods at issue, that falsely designates the origin of the products as those of Chanel, or that is false or misleading with respect to Chanel; and

(g) engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the CC Monogram Trademarks, or any marks confusingly similar thereto, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 2(a) through 2(f) above.

3. That Defendant be adjudged to have violated 15 U.S.C. § 1114(1)(a) by infringing the CC Monogram Trademarks.

4. That Defendant be adjudged to have violated 15 U.S.C. § 1125(a).

5. That Defendant be adjudged to have violated 15 U.S.C. § 1125(c) by diluting the CC Monogram Trademarks.

6. That Defendant be adjudged to have engaged in activities that are likely to dilute the distinctive quality of the CC Monogram Trademarks and/or injure Chanel's business reputation in violation of New York General Business Law § 360-l.

7. That Defendant be adjudged to have infringed upon the CC Monogram Trademarks in violation of the common law of the State of New York.

8. That Defendant be adjudged to have breached the Settlement Agreement.

9. Directing Defendant to deliver for destruction all Breaching Chairs and components bearing the CC Monogram Trademarks, or anything confusingly similar thereto, remaining in Defendant's inventory and all products, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements relating to the Breaching Chairs in its possession, custody or control bearing resemblance to the CC Monogram Trademarks and/or any marks that are confusingly similar thereto.

10. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for rent, rented, offered for sale, sold and/or otherwise circulated or promoted by Defendant is authorized by Chanel and/or is related to or associated in any way with Chanel and/or Chanel's products.

11. Requiring Defendant to account and pay over to Chanel, all profits realized by its wrongful acts and directing that such profits be enhanced to Defendant's willful actions.

12. Awarding Chanel its costs, expenses, reasonable attorneys', investigatory and destruction fees.

13. Retaining jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

14. Awarding Chanel such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 28, 2018

OLSHAN FROME WOLOSKY LLP

By: _____
Martin J. Feinberg
Safia A. Anand
*Attorneys for Plaintiff*
1325 Avenue of the Americas, 16th Floor
New York, New York 10019
(212) 451-2300